13 CIV 2814

13-114

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

CAMMEBY'S MANAGEMENT COMPANY, LLC,

                       Plaintiff,

    -against-

AFFILIATED FM INSURANCE COMPANY,

                       Defendant.

Docket No..

**ECF CASE**

**JURY DEMAND**



Plaintiff, CAMMEBY'S MANAGEMENT COMPANY, LLC, by its attorneys WEG AND MYERS P.C., as and for its Complaint against Defendant, AFFILIATED FM INSURANCE COMPANY, respectfully alleges as follows:

## NATURE OF THE ACTION

1.    Plaintiff brings this action against Defendant AFFILIATED FM INSURANCE COMPANY for breach of contract.

2.    This action arises from the failure of Defendant to fully indemnify Plaintiff pursuant to a commercial property policy of insurance issued by Defendant to Plaintiff.

3.    The policy of insurance at issue herein insures against, amongst other coverages, physical damage, up to a limit of $400 million. As a direct result of Superstorm Sandy, which made landfall on or around October 29, 2012, and the ensuing effects of the storm, Plaintiff's various commercial properties located in Brooklyn, New York suffered physical damage. Notwithstanding that said losses were covered pursuant to the terms and conditions of the aforesaid policy of insurance, Defendant has failed to fully indemnify Plaintiff for its losses.

4.      As a result of Defendant's failure to comply with its own policy forms and conditions, Plaintiff has been compelled to initiate this action.

## JURISDICTION AND VENUE

5.      This action is filed under and pursuant to pursuant to 28 U.S.C. §1332, in that the Plaintiff and Defendant are citizens of different states and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

6.      This action involves a dispute as to the rights and obligations of the parties in connection with an all risk policy of insurance contracted for by a New York resident with an insurance company who is neither incorporated in New York or who has its principal place of business in New York.

7.      The Subject Policy of insurance lists the insured's mailing address as 45 Broadway, New York, New York 10006-3007.

8.      Venue is also proper in this district under 28 U.S.C. §1391 (b)(2) because a substantial part of the events and omissions giving rise to these issues occurred within the geographical confines of the Southern District of New York.

9.      An actual controversy of a justiciable nature exists between Plaintiff and Defendant involving the rights and obligations under the aforesaid policy of insurance and, depending on the construction of said contract, the aforesaid controversy can be determined by a judgment of this Court, without further suit.

## PARTIES

10.      At all relevant times herein mentioned, Plaintiff CAMMEBY'S MANAGEMENT COMPANY, LLC (hereinafter referred to as "Plaintiff" or "CAMMEBY'S")

is a limited liability corporation organized and existing under the laws of the State of New York, having its principal place of business at 45 Broadway, 25th Floor, New York, New York 10006.

11.     At all times hereinafter mentioned, Defendant, AFFILIATED FM INSURANCE COMPANY (hereinafter referred to as "Defendant" or "AFFILIATED"), was and still is a foreign corporation organized and existing under and by virtue of the laws of Rhode Island, having its principal place of business in the State of Rhode Island.

12.     At all times hereinafter mentioned, Defendant was and is authorized by the Superintendent of the State of New York to issue policies of insurance including the policy issued herein.

13.     At all times hereinafter mentioned, Plaintiff owned a commercial real estate complex known as Industry City at Bush Terminal with addresses listed at 241 37th Street, 203-271 37th Street, 962 3rd Avenue, 220-254 36th Street, 946 3rd Avenue, 219-253 36th Street, 940 3rd Avenue, 34-88 35th Street, 23-93 35th Street, 33-87 35th Street, 930 3rd Avenue, 23-89 34th Street,  900 3rd Avenue, 18-88 33rd Street, 21-83 33rd Street, 551 2nd Avenue, 882 3rd Avenue, 3906 2nd Avenue, 132-184 39th Street, 131-183 41st Street, 39-02-40-24 2nd Avenue, 147 41st Street, 3915/4015 1st Avenue, 148-168 39th Street, 3915 1st Avenue, 4015-4023 East Avenue, 4023 1st Avenue, 147-167 41st Street, 4002 2nd Avenue, 80 39th Street, 52 39th Street and 4000-4014 1st Avenue, Brooklyn, New York 11232 (hereinafter collectively referred to as the "Subject Premises").

## THE AFFILIATED FM POLICY OF INSURANCE

14.     Heretofore and prior to October 29, 2012, Defendant, for good and valuable consideration made and issued to Plaintiff a certain commercial property policy of insurance bearing number MJ106 (hereinafter referred to as the "Subject Policy") wherein and whereby it

3

did insure One Hundred and Twenty-Six (126) locations, including the Subject Premises, with limits of liability in the amount of $400,000,000.00 with flood coverage provided with an annual limit of $50,000,000.00 which is reduced to $30,000,000.00 for certain locations, including the Subject Premises.

15.    The Subject Policy provides coverage for business interruption losses pursuant to the "Business Interruption Endorsement" and "Rents and Extra Expense" coverage grants contained therein.

16.    The effective dates of the Subject Policy are June 30, 2011 through and including December 31, 2012.

17.    Plaintiff was and is the named insured on the Subject Policy.

## BACKGROUND FACTS

18.    On or about May 16, 2011, ALLIANT INSURANCE AGENCY INC. (hereinafter referred to as "ALLIANT"), the retail insurance broker, submitted insurance specifications to Defendant on behalf of CAMMEBY'S for properties located across the country, including the Subject Premises.

19.    On or about June 30, 2011, Defendant sent an insurance binder to ALLIANT, which reflected limits of insurance, in part, of $50,000,000.00 annual aggregate flood sub-limit reduced to $10,000,000.00 for twenty-five (25) specified properties, including the Subject Premises.

20.    Attached to the Complaint as **EXHIBIT "A"** is a true and correct copy of the June 30, 2011 binder sent by Defendant to ALLIANT.

21.    Pursuant to a request from Plaintiff and/or its agents, Defendant, on or about July 5, 2011, subsequently issued a revised binder including a $50,000,000.00 annual aggregate

4

flood sub-limit reduced to $30,000,000.00 for the same twenty-five (25) properties, including the Subject Premises.

22.      Attached to the Complaint as **EXHIBIT "B"** is a true and correct copy of the July 5, 2011 revised binder sent by Defendant to ALLIANT.

23.      On or about August 10, 2011, Defendant issued General Change Endorsement No. 1, with an effective date of July 26, 2011, which altered the flood coverage to once again provide a $50,000,000.00 annual aggregate flood sub-limit reduced to $10,000,000.00 for the same twenty-five (25) properties, including the Subject Premises.

24.      Attached to the Complaint as **EXHIBIT "C"** is a true and correct copy of General Change Endorsement No. 1, dated August 10, 2011.

25.      However, on or about September 15, 2011, Defendant issued General Change Endorsement No. 3, with an effective date of September 13, 2011, negating General Change Endorsement No. 1 and providing a $50,000,000.00 annual aggregate flood sub-limit reduced to only $30,000,000.00 for the same twenty-five (25) properties, including the Subject Premises.

26.      Attached  to the Complaint as **EXHIBIT "D"** is a true and correct copy of General Change Endorsement No. 3, dated September 15, 2011

27.      General Change Endorsement No. 3 was in full force and effect at the time that Superstorm Sandy made landfall in the New York area.

## SUPERSTORM SANDY

28.      On or about October 29, 2012, Superstorm Sandy made landfall in and around New York City, including but not limited to the areas where the Subject Premises are located.

5

29.     As a result of Superstorm Sandy, Plaintiff suffered extensive damages to the Subject Premises in an amount yet to be determined but reasonably believed to exceed $30,000,000.00.

30.     Plaintiff timely submitted a claim to Defendant for the damages it suffered to its real property and business personal property located at the Subject Premises in the amount of $30,000,000.00, an amount reflecting the limits of the flood coverage for the Subject Premises.

31.     On or about November 30, 2012, subsequent to Superstorm Sandy and notification of Plaintiff's losses, Defendant issued General Change Endorsement No. 19 which provided a $50,000,000.00 annual aggregate flood sub-limit reduced to only $10,000,000.00 flood sub-limit for the same twenty-five (25) properties, including the Subject Premises.

32.     Attached to the Complaint as **EXHIBIT "E"** is a true and correct copy of General Change Endorsement No. 19.

33.     Pursuant to a partial denial letter, dated December 21, 2012, Defendant asserted that General Change Endorsement No. 3 was a "clerical error" and issued Plaintiff payment in the amount of only $10,000,000.00 for the damages suffered as a result of Superstorm Sandy.

34.     Attached to the Complaint as **EXHIBIT "F"** is a true and correct copy of the partial denial letter (without the exhibits referenced therein) issued by Defendant to Plaintiff's agent. Randolph H. Goodman, SPPA, of Goodman-Gable-Gould Adjusters International, dated December 21, 2012.

## AS AND FOR A FIRST CLAIM AGAINST
## DEFENDANT AFFILIATED FM INSURANCE COMPANY

35.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "34", inclusively, with the same force and effect as though more full set forth herein at length.

6

36.     At all times hereinafter mentioned, Plaintiff had an insurable interest in the Subject Premises, which were insured locations identified in the Subject Policy

37.     On or about October 29, 2012, and continuing thereafter, while the Subject Policy was in full force and effect, Plaintiff suffered damage to the Subject Premises as a result of the effects of Superstorm Sandy.

38.     Due to the aforesaid physical damage, Plaintiff suffered a loss covered by the policy of insurance issued by Defendant to its real and business personal property located at the Subject Premises in an amount in excess of $30,000,000.00.

39.     Notwithstanding the fact that Plaintiff timely submitted a claim to Defendant under the Subject Policy for the limits of insurance provided for flood, as reflected in General Change Endorsement No. 3 of the Subject Policy, Defendant failed to indemnify Plaintiff for the limits of this coverage.

40.     By failure to make payment pursuant to the provisions of the Subject Policy, Defendant has breached its insurance contract with Plaintiff.

41.     As a result of Defendant's breach of contract, Plaintiff has suffered damages in the amount of $20,000,000.00.

42.     Defendant's payment of $10,000,000.00 is approximately 33% of Plaintiff's claim.

43.     Defendant's tender to Plaintiff of $10,000,000.00 is not based upon its conclusion that Plaintiff only suffered $10,000,000.00 worth of damage.  See **EXHIBIT "F"**.

44.     Rather, payment of $10,000,000.00 was based solely on Defendant's attempt to enforce either (a) General Change Endorsement No. 1, notwithstanding the fact that it was superseded by General Change Endorsement No. 3, on or about September 15, 2011 – prior to

7

the loss; or (b) General Change Endorsement No. 19, which was not issued until November 30, 2012 – after the loss.

45.     The payment to Plaintiff of only $10,000,000.00 has negatively impacted the insured's ability to restore the Subject Premises to its pre-loss condition.

46.     As contemplated by Defendant when it provided coverage for business interruption losses, its failure to timely adjust, settle and/or fully indemnify Plaintiff would result in Plaintiff sustaining consequential damages and damages beyond the limits of the Subject Policy.

47.     As a result of Defendant's failure to pay Plaintiff up to the limits of insurance, Plaintiff has incurred consequential damages.

48.     Defendant's failure to fully indemnify Plaintiff, and its reliance on either General Change Endorsement No. 1 or General Change Endorsement No. 19 constitutes a breach of the covenant of good faith and fair dealing.

49.     As a result of the aforesaid breach of contract and breach of the covenant of good faith and fair dealing, Plaintiffs have suffered consequential damages in an amount to be determined.

WHEREFORE, Plaintiff CAMMEBY'S MANAGEMENT COMPANY, LLC demands judgment as follows:

(a) on the First Claim against Defendant AFFILIATED FM INSURANCE COMPANY, judgment in the amount of $20,000,000.00, plus consequential damages in an amount to be determined, plus interest thereon from October 29, 2012, together with costs and disbursements of this action; and

8

(b) for such other and further relief as to which this Court deems just and proper.

Dated:      New York, New York
              April 29, 2012

                           WEG AND MYERS, P.C.
                           *Attorneys for Plaintiff*

                           By:_____
                             DENNIS T. D'ANTONIO (DD 0973)
                             JOSHUA L. MALLIN (JM 0474)
                             DEREK M. ZISSER (DZ 1984)
                        Federal Plaza
                        52 Duane Street
                        New York, New York 10007
                        (212) 227-4210

Docket No.

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

CAMMEBY'S MANAGEMENT COMPANY, INC.,

Plaintiff,

- Against –

AFFILIATED FM INSURANCE COMPANY,

Defendant.

COMPLAINT

*Weg and Myers, P.C.*
Attorney for

Office and Post office Address, Telephone
Federal plaza
52 Duane Street
NEW YORK, NEW YORK 10007
(212) 227-4210